**ORAL ARGUMENT NOT YET SCHEDULED**

# 15-7155

## United States Court of Appeals
## For The District of Columbia Circuit

FREEDOM WATCH, INC.,

*Plaintiff-Appellant,*

-v.-

ORGANIZATION OF THE PETROLEUM EXPORTING COUNTRIES (OPEC),

*Defendant-Appellee.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

# MOTION FOR DISMISSAL FOR FAILURE TO PROSECUTE OR, IN THE ALTERNATIVE, FOR SUMMARY AFFIRMANCE

Carolyn B. Lamm
Hansel T. Pham
Anne D. Smith
Nicolle Kownacki
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
(202) 626-3600

Seth P. Waxman
Paul R.Q. Wolfson
**Wilmer Cutler Pickering Hale & Dorr LLP**
1875 Pennsylvania Ave., NW
Washington, DC 20006
(202) 663-6000

*Counsel for Appellee Organization of the Petroleum Exporting Countries (OPEC)*
*(Additional counsel on inside cover)*

February 16, 2016

Robert A. Milne
Raj S. Gandesha
Bryan D. Gant
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 819-8200

*Counsel for Appellee Organization of the Petroleum Exporting Countries (OPEC)*

# CERTIFICATE OF COUNSEL

## I. PARTIES AND *AMICI*; DISCLOSURE STATEMENT

Freedom Watch, Inc. ("Freedom Watch") was the Plaintiff before the District Court and appears as Appellant before this Court. The Organization of the Petroleum Exporting Countries ("OPEC") was the defendant before the district court and appears as Appellee before this Court.[1]

No intervenors or *amici* appeared before the district court. The Government of the Republic of Austria participated as *amicus curiae* in a prior appeal in this case.

OPEC is a permanent, intergovernmental organization comprised of the following thirteen sovereign Member Countries: Algeria, Angola, Ecuador, Indonesia, Iran, Iraq, Kuwait, Libya, Nigeria, Qatar, Saudi Arabia, United Arab Emirates, and Venezuela. The purpose of OPEC is to help its Member Countries defend their sovereign rights over the exploitation of natural resources within their territories. OPEC is not a corporation and does not have any publicly traded stock, nor does it have any parent, subsidiary, or affiliated companies.

[1] In filing this submission, OPEC appears only to contest service and does not waive the defenses or immunities to which it or its Member States are entitled. OPEC reserves all of its objections to the jurisdiction of this Court in this case.

## II. RULINGS UNDER REVIEW

The following rulings from the case in *Freedom Watch, Inc. v. Organization of the Petroleum Exporting Countries*, No. 1:12-cv-731, are under review:

- June 4, 2015 Order and Memorandum Opinion of the District Court (Walton, J.) (Dkt. 36 and 37), reported at 107 F. Supp. 3d 134 (D.D.C. 2015);

- July 1, 2015 Order of the District Court (Walton, J.) (Dkt. 41) denying Freedom Watch's Motion for Reconsideration of the District Court's June 4, 2015 Order; and

- December 3, 2015 Order of the District Court (Walton, J.) (Dkt. 44) granting without prejudice OPEC's Renewed Motion to Dismiss for Lack of Service of Process.

## III. RELATED CASES

This case was previously before this Court as *Freedom Watch, Inc. v. Organization of the Petroleum Exporting Countries (OPEC)*, Case No. 13-7019. An opinion for the Court was filed by Judge Srinivasan, with Judge Wilkins concurring in part and dissenting in part. The opinion is reported at 766 F.3d 74 (D.C. Cir. 2014).

Appellee is not aware of any pending related cases. The case on review is related to three previously-concluded cases: (1) *Freedom Watch, Inc. v. OPEC*, a case with identical parties and substantially similar issues before the U.S. District Court for the Southern District of Florida (*see* Order Denying Motions for Default and Default Judgment; Dismissing Complaint Without Prejudice; Closing Case,

*Freedom Watch, Inc. v. OPEC*, No. 08-cv-21630 (S.D. Fla. Dec. 22, 2008)); (2) *Prewitt Enterprises, Inc. v. OPEC*, a case with the same defendant and substantially similar issues before the U.S. Court of Appeals for the Eleventh Circuit (*see Prewitt Enters., Inc. v. OPEC*, 353 F.3d 916 (11th Cir. 2003) (dismissing complaint for lack of service of process); *see also Prewitt Enters., Inc. v. OPEC*, 224 F.R.D. 497 (N.D. Ala. 2002)); and (3) *Int'l Ass'n of Machinists & Aerospace Workers v. OPEC*, a case with the same defendant and substantially similar issues before the U.S. District Court for the Central District of California (*see Int'l Ass'n of Machinists & Aerospace Workers v. OPEC* ("*IAM*"), 477 F. Supp. 553 (C.D. Cal. 1979) (dismissing complaint against OPEC for lack of service of process); *see also Int'l Ass'n of Machinists & Aerospace Workers v. OPEC*, 649 F.2d 1354 (9th Cir. 1981)).

Respectfully submitted on February 16, 2016:

/s/ Carolyn B. Lamm
Carolyn B. Lamm (D.C. Bar No. 221325)
Hansel T. Pham (D.C. Bar No. 489203)
Anne D. Smith (D.C. Bar No. 34723)
Nicolle Kownacki (D.C. Bar No. 1005627)
**WHITE & CASE LLP**
701 Thirteenth Street NW
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355
Email: clamm@whitecase.com
Email: hpham@whitecase.com

Email: asmith@whitecase.com
Email: nkownacki@whitecase.com

Robert A. Milne
Raj S. Gandesha
Bryan D. Gant
**WHITE & CASE LLP**
1155 Avenue of the Americas
New York, NY 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: rmilne@whitecase.com
Email: rgandesha@whitecase.com
Email: bgant@whitecase.com

Seth P. Waxman (D.C. Bar No. 257337)
Paul R.Q. Wolfson (D.C. Bar No. 414759)
**Wilmer Cutler Pickering Hale & Dorr LLP**
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000
Email: seth.waxman@wilmerhale.com
Email: paul.wolfson@wilmerhale.com

*Counsel for Organization of the Petroleum Exporting Countries (OPEC)*

# TABLE OF CONTENTS


CERTIFICATE OF COUNSEL .......... i

I. Parties and *Amici*; Disclosure Statement .......... i

II. Rulings Under Review .......... ii

III. Related Cases .......... ii

INTRODUCTION .......... 1

BACKGROUND .......... 3

I. Original District Court Proceedings .......... 3

II. Freedom Watch's Prior Appeal .......... 5

III. District Court Proceedings on Remand .......... 5

IV. Freedom Watch's Present Appeal .......... 10

STANDARD OF REVIEW .......... 10

ARGUMENT .......... 11

I. Freedom Watch's Appeal Should Be Dismissed for Failure to Prosecute .......... 11

II. In the Alternative, This Court Should Summarily Affirm the District Court's Denial of Rule 4(f)(3) Service on OPEC and Dismissal for Lack of Service of Process .......... 13

A. The District Court Faithfully Followed this Court's Instruction on Remand and Did Not Abuse Its Discretion in Declining to Authorize Service on OPEC Through U.S. Counsel .......... 14

B. Freedom Watch Failed to Offer Argument, Authority, or Evidence Contrary to OPEC's Positions, and the District Court Properly Deemed OPEC's Arguments "Conceded" .......... 17

CONCLUSION .......................................................................................... 19

CERTIFICATE OF SERVICE .......................................................................... 21

# INTRODUCTION

Appellee OPEC respectfully moves for dismissal of the present appeal for Appellant Freedom Watch's failure to prosecute. In the alternative, OPEC respectfully moves for summary affirmance of (1) the district court's Memorandum Opinion ("Service Mem. Op.") and Order dated June 4, 2015, denying Freedom Watch's Motion for Leave to Serve [OPEC]'s United States Counsel (attached as Exhibit 1) and (2) the district court's Order dated December 3, 2015, granting OPEC's motion to dismiss (attached as Exhibit 2). *See Freedom Watch, Inc. v. OPEC*, Civ. No. 12-731 (RBW), Dkts. 36, 37, 44 (D.D.C. 2015).

Consistent with its history of disregarding applicable rules and procedures throughout this litigation, Freedom Watch has failed to satisfy this Court's order dated December 30, 2015. That order required Freedom Watch to submit by January 29, 2016, *inter alia*, a certificate as to parties, rulings, and related cases; an entry of appearance form; and a statement of issues to be raised. To date, Freedom Watch has neither submitted any of the required filings nor provided any explanation for its failure to do so. Pursuant to Federal Rule of Appellate Procedure 3(a)(2) and D.C. Circuit Rule 38, this Court may—and should—dismiss the appeal for Freedom Watch's failures to prosecute and to comply with a court order.

Alternatively, this Court should summarily affirm the district court's rulings denying Freedom Watch's request to serve OPEC under Federal Rule of Civil Procedure 4(f)(3) and dismissing the case. As demonstrated below, the merits supporting the district court's decisions below "are so clear that . . . no benefit will be gained from further briefing and argument of the issues presented." *Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294, 297-98 (D.C. Cir. 1987) (per curiam) (internal citations omitted).

The challenged rulings of the district court faithfully carried out this Court's mandate in *Freedom Watch, Inc. v. Organization of the Petroleum Exporting Countries*, 766 F.3d 74 (D.C. Cir. 2014), to exercise discretion under Rule 4(f)(3) in deciding whether to authorize an alternative method of service on OPEC. Moreover, the district court concluded that Freedom Watch failed to "address or contest any of OPEC's arguments"—arguments amply supported with evidence including a *Note Verbale* from the Republic of Austria, a statement from the OPEC Secretary General, and expert opinions on applicable Austrian and U.S. law—and thus the district court deemed OPEC's positions to be "conceded." Service Mem. Op. 5 (citing *Lewis v. District of Columbia*, No. 10-5275, 2011 WL 321711, at *1 (D.C. Cir. Feb. 2, 2011) (per curiam)). Having not sought to rebut these positions before the district court, Freedom Watch may not attempt to do so for the first time on appeal. *See, e.g.*, *Gunney v. Evans*, No. 01-5315, 2002 WL 1050413, at *1

(D.C. Cir. 2002) (per curiam) (granting summary affirmance where appellant's arguments were waived for failure to raise them before the district court); *Missal v. Alexander*, Nos. 99-7127, 99-7128, 99-7130, 7133, 99-7134, 2000 WL 274230, at *1 (D.C. Cir. 2000) (per curiam) (same). Accordingly, summary affirmance is warranted here.

## BACKGROUND

OPEC is an intergovernmental organization whose membership consists of thirteen sovereign nations for whom petroleum is a key natural resource. OPEC is headquartered in Vienna, Austria, and its relationship with Austria is governed by a Headquarters Agreement, an international agreement that has been incorporated into Austrian law. *See* Agreement Between [OPEC] and the Republic of Austria Regarding the Headquarters of [OPEC], Austrian Official Gazette [BGBL] No. 379/1985 (Dkt. 6, at 46); Declaration of Wolfgang Hahnkamper, Dec. 10, 2014 (Dkt. 30-28), ¶¶ 17-19.

### I. ORIGINAL DISTRICT COURT PROCEEDINGS

On May 7, 2012, Appellant Freedom Watch instituted this action against OPEC alleging violations of the Sherman Act, 15 U.S.C. § 1 (2006), and the Clayton Act, 15 U.S.C. §§ 15, 26 (2006). Freedom Watch purportedly attempted to serve process on OPEC by (i) delivering a copy of the summons and complaint by hand to OPEC headquarters in Vienna, and (ii) sending a copy of the documents

via Austrian mail to OPEC headquarters. *See* Pl.'s Opp'n to Mot. to Dismiss for Lack of Service of Process, Oct. 11, 2012 (Dkt. 17). As this Court has confirmed, neither of those methods constituted valid service of process on OPEC under Federal Rule of Civil Procedure 4. *See Freedom Watch, Inc. v. Org. of the Petroleum Exporting Countries*, 766 F.3d 74 (D.C. Cir. 2014).

On August 21, 2012, after the district court ordered bifurcation of OPEC's service-of-process objection from the rest of its defenses, OPEC moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(5) for lack of service of process.

On January 15, 2013, the district court granted OPEC's motion to dismiss, holding that "Freedom Watch has failed to carry its burden of establishing that it validly served process on OPEC." *Freedom Watch, Inc. v. OPEC*, 288 F.R.D. 230, 231, 233 (D.D.C. 2013). The district court also declined to authorize an alternative method of service under Federal Rule of Civil Procedure 4(f)(3), relying on the reasoning of the Eleventh Circuit in *Prewitt Enterprises v. OPEC*, that service on OPEC in Austria, without OPEC's consent and in violation of the OPEC-Austria Headquarters Agreement, would constitute a "substantial affront" to Austrian law. 288 F.R.D. at 233 (citing *Prewitt Enters., Inc. v. OPEC*, 353 F.3d 916, 921-22, 921 n.6 (11th Cir. 2003)). Freedom Watch appealed.

## II. FREEDOM WATCH'S PRIOR APPEAL

On September 12, 2014, this Court issued an opinion agreeing that Freedom Watch had not effected service on OPEC and further finding that the district court had not abused its discretion in declining to authorize Rule 4(f)(3) service on OPEC through email or fax. 766 F.3d at 82. The Court, however, vacated the dismissal and remanded for the district court to consider, as a matter of its discretion under Rule 4(f)(3), whether to authorize service on OPEC through its U.S. counsel. *Id.* at 84. In issuing this instruction, the Court made clear that there is "no authority ***obligating*** a district court to authorize an alternative method of service under Rule 4(f)(3)," including service on U.S. counsel, "when there is no other available method to serve the defendant without its consent." *Id.* (emphasis added).

## III. DISTRICT COURT PROCEEDINGS ON REMAND

On remand, before this Court had issued the mandate, Freedom Watch prematurely filed a three-page Motion for Leave to Serve [OPEC]'s United States Counsel Pursuant to the Court of Appeals' Decision to Vacate and Remand the District Court's Ruling. Mot. to Serve Counsel, Oct. 15, 2014 (Dkt. 24).[2] Despite this Court's admonition that its "decision to remand should not be mistaken for

[2] The district court initially dismissed Freedom Watch's untimely motion without prejudice, and reinstated the motion after the appellate mandate was issued. *See* Order, Nov. 20, 2014 (Dkt. 28), at 1-2, 2 n.1.

agreement with Freedom Watch that the district court *must* authorize some method of serving process on OPEC . . ." (766 F.3d at 84 (emphasis in original)), Freedom Watch took the unsupported position that this Court "has ruled, and is effectively advising [the district court] to allow [Plaintiff] to properly serve" OPEC's U.S. counsel under Rule 4(f)(3). Mot. to Serve Counsel 1 (Dkt. 24).

In its opposition, OPEC pointed to Freedom Watch's mischaracterization of this Court's proclamation and advanced numerous compelling reasons why the district court, as a matter of discretion, should decline to authorize service on OPEC's U.S. counsel. These reasons included that:

- Rule 4(f)(3) explicitly precludes any method of service that is "prohibited by international agreement," and here, the OPEC Headquarters Agreement is an "international agreement" that prohibits service of process on OPEC without the consent of the OPEC Secretary-General, which consent was never given (*see* Opp'n to Mot. to Serve Counsel, Dec. 11, 2014 (Dkt. 30), at 6-10);

- Austrian law adopts the provisions of the OPEC Headquarters Agreement and prohibits such service; service of process on OPEC through its U.S. counsel necessarily takes place in Austria under Rule 4(f)(3) and would not "minimize" offense to Austrian law as required by the Advisory Committee Notes to Rule 4(f)(3) (*see id.* at 11-25; Hahnkamper Decl., Dec. 10, 2014 (Dkt. 30-28), ¶ 5);

- Customary international law prohibits service on OPEC, an international organization comprised exclusively of sovereign Member Countries, in the absence of a general or conditional waiver of immunity (*see* Opp'n to Mot. to Serve Counsel 25-30);

- Service on OPEC through its U.S. counsel would effectively deprive OPEC of the counsel of its choice and thereby violates due process (*see id.* at 30-33); and

- Authorizing service on OPEC under Rule 4(f)(3) would adversely affect the foreign policy interests of the United States (*see id.* at 34-36).

OPEC provided abundant evidentiary support for these arguments, including expert opinions and numerous authorities on Austrian law, international law, and civil procedure. *See generally* Opinion of Gregory P. Joseph, Dec. 4, 2014 (Dkt. 30-3); Supplemental Opinion of Judge Stephen M. Schwebel and accompanying exhibits, Dec. 5, 2014 (Dkts. 30-4 to 30-27); Declaration of Wolfgang Hahnkamper and accompanying exhibits, Dec. 10, 2014 (Dkts. 30-28 to 30-41). OPEC also appended a *Note Verbale* from the Republic of Austria confirming that any service on OPEC in violation of the OPEC-Austria Headquarters Agreement, including service transmitted through OPEC's U.S. counsel, was offensive to and "prohibited by Austrian law." *See* Note Verbale, Dec. 5, 2014 (Dkt. 30-2);

In a four-page reply brief as bare as its motion, Freedom Watch limited its rebuttal to repeating its misinterpretation of this Court's opinion and otherwise ignored most of OPEC's arguments. *See* Reply in Support of Mot. to Serve Counsel, Jan. 8, 2015 (Dkt. 32).

On June 4, 2015, the district court exercised its discretion and denied Freedom Watch's motion, holding:

> [I]n the absence of any argument or authority offered to the contrary, the Court deems OPEC's positions as conceded, and further, accepts OPEC's unchallenged evidence and expert opinions as to the state of Austrian law, as well as the terms of the applicable international agreement.

Mem Op. 5. Beyond finding that Freedom Watch had waived any rebuttal, the district court also found that (i) service on OPEC through counsel necessarily occurred in Austria under Rule 4(f)(3) and thus would offend Austrian law prohibitions on service on OPEC without consent, and (ii) service on OPEC without its consent was, in any event, prohibited by the OPEC-Austria Headquarters Agreement, which absent evidence to the contrary, constituted an international agreement for purposes of Rule 4(f)(3). *Id.* at 5-9.

The district court further observed that Freedom Watch used its reply brief "to once again inappropriately request that [the district court] devise some method of service that would enable it to serve OPEC." Service Mem. Op. 4, n.4. The court declined to grant such broad relief, stating "the Court will not fall into this trap once again and consider a request that should have been proposed by Freedom Watch itself through its motion." *Id.* (citing *Freedom Watch*, 766 F.3d at 81).

After its motion was denied, Freedom Watch then filed in this Court a Petition for Writ of Mandamus, contending again that this Court had previously instructed the district court "to use its discretion to find an alternative means to serve." Pet., *Freedom Watch, Inc. v. OPEC*, Case No. 15-7060, at *1 (D.C. Cir. June 18, 2015). This Court summarily denied the petition without response from OPEC. Order, *Freedom Watch, Inc. v. OPEC*, Case No. 15-7060 (D.C. Cir. July 2, 2015) (per curiam).

Freedom Watch also filed a motion for reconsideration of the district court's June 2015 order, attaching its Petition for Writ of Mandamus in lieu of making any arguments or even citing any rule under which it sought reconsideration.[3] Mot. for Reconsideration, June 22, 2015 (Dkt. 39). The district court denied that motion, observing that "Freedom Watch either intentionally ignores the demanding standard required for a motion seeking reconsideration or simply fails to recognize that there ***is*** a standard that must be met when pursuing a motion for reconsideration." Order, July 1, 2015 (Dkt. 41), at 4 (emphasis in original). The court held that "because Freedom Watch has not demonstrated the existence of 'an intervening change of controlling law, the availability of ***new evidence***, or the need to correct a clear error or prevent manifest injustice,' Freedom Watch has failed to carry its burden for acquiring reconsideration." *Id.* at 5 (quoting *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001)) (emphasis added by district court).

Because the district court's June 2015 denial of Freedom Watch's motion for service did not constitute a final order, OPEC renewed its motion to dismiss the complaint for lack of service of process. In its response to that motion, Freedom Watch conceded that dismissal was unavoidable and thus made no attempt to

[3] The district court presumed that "given the procedural posture of the case," the motion lent itself to a Rule 59(e) analysis. Order, July 1, 2015 (Dkt. 41), at 3 n.2 (noting that "[t]he plaintiff, though represented by an attorney, does not indicate under which Rule it seeks reconsideration").

respond to any of the substantive points raised in the motion to dismiss, instead merely stating its intent to appeal. *See* Dkts. 38, 42, and 43. On December 3, 2015, the district court formally dismissed the case against OPEC without prejudice. Order (Dkt. 44).

## IV. FREEDOM WATCH'S PRESENT APPEAL

Freedom Watch timely filed its notice of appeal seeking review of the district court's December 2015 order and "all other orders and rulings adverse to Plaintiff in this case." Notice of Appeal, Dec. 24, 2015 (Dkt. 45). For the reasons set forth below, this appeal should be dismissed for failure to prosecute, or in the alternative, the district court's orders should be summarily affirmed.

## STANDARD OF REVIEW

Dismissal of an appeal for failure to prosecute is squarely within this Court's discretion. *See* Fed. R. App. P. 3(a)(2); D.C. Cir. Rule 38.

The Court reviews for abuse of discretion a district court's denial of authorization for alternative methods of service pursuant to Rule 4(f)(3). *Freedom Watch*, 766 F.3d at 78; *see also Prewitt Enters., Inc. v. OPEC*, 353 F.3d 916, 921 (11th Cir. 2003); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2001).

# ARGUMENT

## I. FREEDOM WATCH'S APPEAL SHOULD BE DISMISSED FOR FAILURE TO PROSECUTE

On December 30, 2015, the Court ordered the parties to submit certain documents pertaining to Freedom Watch's appeal by January 29, 2016, including an entry of appearance form and a certificate as to parties, rulings, and related cases. On that same date, appellant also was required to file a docketing statement form, a statement of the issues on appeal, a transcript status report, the underlying decision from which the appeal arises, and, if applicable, procedural motions and a statement of intent to utilize a deferred joint appendix.

OPEC timely filed all of the required documents. Freedom Watch failed to file any of the required documents by the deadline, and has not taken any actions to cure this deficiency. Accordingly, Freedom Watch's appeal should be dismissed for failure to prosecute.

Federal Rule of Appellate Procedure 3(a)(2) provides that "an appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the court of appeals to act as it considers appropriate, including dismissing the appeal." *See also Thomas v. Computax Corp.*, 631 F.2d 139, 141 (9th Cir. 1980) (dismissing appeal where appellant failed to "order the necessary parts of the record," as such error "constitute[d] a failure to take a 'step' in the procedure of appeal after filing notice

of appeal within the meaning of [Rule 3(a)]"). Similarly, D.C. Circuit Rule 38 provides:

> When any party to a proceeding before this court or any attorney practicing before the court fails to comply with the FRAP, these rules, or an order of this court, . . . the court may, on its own motion, or on motion of a party, impose appropriate sanctions on the offending party, the attorney, or both. Sanctions include dismissal for failure to prosecute; imposition of costs, expenses, and attorneys' fees; and disciplinary proceedings.

Freedom Watch's failure to file its appeal papers pursuant to the December 2015 order constitutes a failure to take a "step" in the appeal procedure, and, moreover, is a violation of this Court's order.

Dismissal is a particularly appropriate sanction in this case given that (1) Freedom Watch has made no effort to explain, let alone cure, its disregard for this Court's order and (2) Freedom Watch has a history of disregarding the rules and deadlines established by the courts—including by failing to raise requests for relief by motion, ignoring the proper timing for filing motions on remand, filing a frivolous motion for reconsideration, and failing to appear in a court-ordered status conference.[4] *See supra*. And, of course, Freedom Watch was reminded of the

[4] As part of the remand proceeding, the district court scheduled a status conference for November 20, 2014, to establish a procedure and briefing schedule for proceedings on remand. While OPEC's counsel was present at the required time, counsel for Freedom Watch, Mr. Larry Klayman, failed to attend or participate, even though he had previously acknowledged that he was aware of the time and date of the conference. Order, Nov. 20, 2014 (Dkt. 28), at 1. The district court ordered Mr. Klayman to "show cause why he should not be held in contempt" for

January 29 deadline when it was served with OPEC's filings. Nonetheless, over two weeks later, Freedom Watch still has not made any attempt to explain or cure its failure to file. Given this history, Freedom Watch and its counsel are no longer owed the benefit of the doubt in this case. Accordingly, this Court should dismiss Freedom Watch's appeal for failure to prosecute.

## II. IN THE ALTERNATIVE, THIS COURT SHOULD SUMMARILY AFFIRM THE DISTRICT COURT'S DENIAL OF RULE 4(f)(3) SERVICE ON OPEC AND DISMISSAL FOR LACK OF SERVICE OF PROCESS

Summary affirmance is appropriate where the merits supporting the district court's decisions "are so clear that . . . no benefit will be gained from further briefing and argument of the issues presented." *Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294, 297-98 (D.C. Cir. 1987) (per curiam) (internal citations omitted). This Court grants motions for summary affirmance where the issue before the district court is a matter of judicial discretion, including dismissal for lack of service of process. *See, e.g.*, *Paul v. Didizian*, No. 13-7132, 2014 WL 590628, at *1 (D.C. Cir. Feb. 7, 2014) (per curiam) (granting motion for summary affirmance where "the district court did not abuse its discretion in dismissing without prejudice appellant's claims . . . for failure to properly effect service of process"); *Edwards v. United States*, No. 97-5087, 1997 WL 529062, at *1 (D.C.

---

failing to participate in the conference (*id.* at 2), and Mr. Klayman offered the excuse that he had forgotten about the conference and had overslept. *See* Response to Court's Order to Show Cause, Nov. 25, 2014 (Dkt. 29), at 1-2.

Cir. July 31, 1997) (per curiam) (granting summary affirmance where "[t]he district court did not abuse its discretion in dismissing appellant's complaint without prejudice for failure to prosecute . . . .").

Summary affirmance is also particularly appropriate where the district court found that appellant waived opposition to the issues now on appeal. *See, e.g.*, *Gunney v. Evans*, No. 01-5315, 2002 WL 1050413, at *1 (D.C. Cir. 2002) (per curiam) (granting summary affirmance where appellant's arguments were waived for failure to raise them before the district court); *Missal v. Alexander*, Nos. 99-7127, 99-7128, 99-7130, 7133, 99-7134, 2000 WL 274230, at *1 (D.C. Cir. 2000) (per curiam) (same).

### A. The District Court Faithfully Followed this Court's Instruction on Remand and Did Not Abuse Its Discretion in Declining to Authorize Service on OPEC Through U.S. Counsel

Despite Freedom Watch's repeated assertions to the contrary, this Court did not order the district court to authorize service on OPEC through U.S. counsel or signal the result the district court should reach. *See* Reply in Support of Mot. to Serve Counsel, Jan. 8, 2015 (Dkt. 31) ("[A]t this stage of the litigation [the district court] must simply consider the issue of service of process through Rule 4(f)(3) and reasonably exercise its discretion, as directed clearly by the D.C. Circuit, to grant leave to serve the attorneys for OPEC in the United States."). Rather, this Court made clear that the district court on remand was only required to consider, as

a matter of its discretion, ***whether*** to authorize service on OPEC through its U.S. counsel under Rule 4(f)(3). *Freedom Watch, Inc. v. Org. of the Petroleum Exporting Countries*, 766 F.3d 74, 84 (D.C. Cir. 2014) ("Our decision to remand should not be mistaken for agreement with Freedom Watch that the district court *must* authorize some method of serving process on OPEC . . . .").

Entirely consistent with this Court's instruction, on remand, the district court exercised its discretion in declining to authorize service through U.S. counsel under Rule 4(f)(3). The district court confirmed this in its final order dismissing the case:

> As directed, the Court exercised its discretion under Rule 4(f)(3) in considering the plaintiff's proposal to serve the defendant through counsel located in the United States, which it determined would contravene Rule 4(f)(3) and would not minimize offense to Austrian law. The plaintiff has failed to propose a method of service that is acceptable within the constraints imposed by the Federal Rules of Civil Procedure, and this Court is not permitted to bend the rules and fashion a remedy despite the fairness and public policy concerns raised by the plaintiff. As the opposition to defendant's renewed motion does not raise any substantive argument that defeats the Court's reasoning in its June 2015 opinion, the Court must grant defendants' renewed motion to dismiss this case.

Order, Dec. 4, 2015 (Dkt. 44), at 5 (citations omitted). The district court's approach was reasonable, and certainly no abuse of discretion.

As the district court noted (Service Mem. Op. 4), because service under Rule 4(f)(3) may only take place "not within any judicial district of the United States," service on OPEC necessarily takes place in Austria, and it is therefore appropriate

under the Advisory Committee Notes to Rule 4(f)(3) to consider whether such service "minimizes" offense to Austrian law. *See also Freedom Watch*, 766 F.3d at 84 (D.C. Cir. 2014) ("[W]hile Rule 4(f)(3) addresses service only 'at a place not within any judicial district of the United States,' arguably, when a court offers service on a foreign country through its counsel in the United States, the attorney functions as a mechanism to transmit the service to its intended recipient abroad."); *Fujitsu Ltd. v. Belkin Int'l, Inc.*, 782 F. Supp. 2d 868, 878-80 (N.D. Cal. 2011) (concluding that it was "inappropriate [under Rule 4(f)(3)] to order service on [defendants located in Taiwan] through their U.S. counsel [in] a manner that is not prescribed by Taiwanese law"). The district court did not abuse its discretion in finding that service on OPEC through its U.S. counsel did not minimize offense to Austrian law, as the court's finding accords with the prior holding of this Court in this case and the Eleventh Circuit in *Prewitt*. *Prewitt Enters. v. OPEC*, 353 F.3d 916, 927 (11th Cir. 2003) (rejecting Rule 4(f)(3) service on OPEC by email or fax, because such service, without OPEC's consent and in violation of the OPEC Headquarters Agreement, "would constitute a substantial affront to Austrian law"); *Freedom Watch*, 766 F.3d at 82 (finding that district court had not abused discretion in rejecting Rule 4(f)(3) service by email or fax and relying on *Prewitt*'s findings on service under Austrian law).

The district court's decision demonstrates that it thoroughly considered on remand the question of alternative service on counsel, consistent with this Court's instruction and after reviewing relevant authorities and submissions made by both parties to the case. There is no reason for this Court to disturb the district court's conclusion, and additional briefing and argument will not show otherwise. *See Taxpayers Watchdog*, 819 F.2d at 297-98.

### B. Freedom Watch Failed to Offer Argument, Authority, or Evidence Contrary to OPEC's Positions, and the District Court Properly Deemed OPEC's Arguments "Conceded"

Since this Court remanded this case to the district court for consideration of Rule 4(f)(3) service on OPEC through U.S. counsel, Freedom Watch has filed no fewer than five court submissions, including a motion requesting service on counsel, a reply in support of its motion, a petition for writ of mandamus, a motion for reconsideration, and an opposition to OPEC's motion to dismiss. *See supra*. In none of these filings did Freedom Watch advance a substantive response to OPEC's showing against service on U.S. counsel. Indeed, as noted above, the district court denied Freedom Watch's request for service on OPEC's counsel in part because Freedom Watch "does not address or contest any of OPEC's arguments" and thus "in the absence of any argument or authority offered to the contrary," such positions were deemed "conceded." Service Mem. Op. 5 (citing *Lewis v. District of Columbia*, No. 10-5275, 2011 WL 321711, at *1 (D.C. Cir.

2011) (per curiam) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.")). And when then offered a second opportunity to respond to these arguments in opposition to OPEC's motion to dismiss, Freedom Watch chose not to do so, instead merely promising to appeal the district court's rulings.

Freedom Watch's utter failure to address these issues substantively before the district court mandates summary affirmance here. Having chosen not to contest these issues before the district court, Freedom Watch should not be permitted to run up costs for OPEC and waste the resources of both this Court and the district court by contesting OPEC's arguments for the first time in this Court. *See Murthy v. Vilsak*, 609 F.3d 460, 465 (D.C. Cir. 2010) ("[I]ssues not raised before judgment in the district court are usually considered to have been waived on appeal.") (quoting *Whelan v. Abell*, 48 F.3d 1247, 1251 (D.C. Cir. 1995)).

Even if Freedom Watch's arguments on appeal were limited to its repeated contention that the district court failed to follow this Court's instruction on remand, additional briefing and argument would not benefit the Court. This Court's prior opinion was clear that the district court on remand was only required to consider, as a matter of its discretion, whether to authorize service on OPEC through its U.S. counsel under Rule 4(f)(3). *Freedom Watch*, 766 F.3d at 84 ("Our decision to

remand should not be mistaken for agreement with Freedom Watch that the district court *must* authorize some method of serving process on OPEC . . . ."). Any additional briefing and argument from Freedom Watch on whether the district court followed this Court's instruction is plainly unnecessary. *See Taxpayers Watchdog*, 819 F.2d at 297-98 (summary disposition justified where "the merits of [the] case are so clear that . . . no benefit will be gained from further briefing and argument of the issues presented").

Accordingly, this Court should summarily affirm the district court's rulings.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Freedom Watch's appeal or, alternatively, summarily affirm the District Court's dismissal of this case.

Respectfully submitted on February 16, 2016:

/s/ Carolyn B. Lamm
Carolyn B. Lamm (D.C. Bar No. 221325)
Hansel T. Pham (D.C. Bar No. 489203)
Anne D. Smith (D.C. Bar No. 34723)
Nicolle Kownacki (D.C. Bar No. 1005627)
**WHITE & CASE LLP**
701 Thirteenth Street, NW
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355
Email: clamm@whitecase.com
Email: hpham@whitecase.com
Email: asmith@whitecase.com
Email: nkownacki@whitecase.com

Robert A. Milne
Raj S. Gandesha
Bryan D. Gant
**WHITE & CASE LLP**
1155 Avenue of the Americas
New York, NY 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: rmilne@whitecase.com
Email: rgandesha@whitecase.com
Email: bgant@whitecase.com

Seth P. Waxman (D.C. Bar No. 257337)
Paul R.Q. Wolfson (D.C. Bar No. 414759)
**Wilmer Cutler Pickering Hale & Dorr LLP**
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000
Email: seth.waxman@wilmerhale.com
Email: paul.wolfson@wilmerhale.com

*Attorneys for Organization of the Petroleum Exporting Countries (OPEC)*